**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADRIAN BUENO-HERNANDEZ,

Defendant-Appellant.

No. 11-2216
(D.C. No. 1:10-CR-03236-MV-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the

appeal waiver contained in defendant Adrian Bueno-Hernandez's plea agreement.

The defendant pleaded guilty to possession with intent to distribute 500 grams or

more of methamphetamine. Pursuant to the plea agreement, the defendant waived

his right to appeal his conviction or his sentence, provided his sentence was

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

within the statutory maximum authorized by law. The district court sentenced defendant at the statutory minimum of 120 months' imprisonment. Nevertheless, the defendant filed a notice of appeal.

The government filed a motion to enforce the plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In response, counsel indicated his intent to file a brief, citing *Anders v. California*, 386 U.S. 738 (1967), stating that the appeal presents no legally non-frivolous issues.[1] We gave defendant an opportunity to file a pro se response to the motion to enforce, with several extensions of time to respond. To date, he has not done so.

We have reviewed the motion, the record and the defendant's response, and we agree that the defendant's proposed appeal falls within the scope of the appeal waiver, that he knowingly and voluntarily waived his appellate rights, and that enforcing the waiver would not result in a miscarriage of justice. *See id*. at 1325 (describing the factors this court considers when determining whether to enforce a waiver of appellate rights).

---

[1] Typically, in an *Anders* case, counsel requests permission to withdraw when counsel has conscientiously examined the case and determined that an appeal would be wholly frivolous. *Anders*, 386 U.S. at 744. Counsel in this case, however, has not moved to withdraw.

Accordingly, we GRANT the motion to enforce the appeal waiver and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM